1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9         FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11

12  LATANYA WILLIAMS,                    NO. CV-25-09462-AGR

13                          Plaintiff,   **INITIAL STANDING ORDER FOR**
                                         **CASES ASSIGNED TO**
14          v.                           **MAGISTRATE JUDGE ALICIA G.**
                                         **ROSENBERG**
15  DELEON, et. al.

16                          Defendants.

17

18      **PLEASE READ THIS ORDER CAREFULLY.  IT DIFFERS IN SOME**

19  **RESPECTS FROM LOCAL RULES.**

20      This case has been assigned to the calendar of Magistrate Judge Alicia G.

21  Rosenberg.  Judge Rosenberg conducts proceedings in Courtroom 550 on the

22  fifth floor of the Roybal Federal Building and United States Courthouse, 255 East

23  Temple Street, Los Angeles, California 90012 ("Roybal Courthouse").

24      Counsel for Plaintiff shall promptly serve this order on counsel for all

25  parties, including any new parties to this action.  If this action has been removed

26  from state court, the defendant who removed the action shall promptly serve this

27  order on all other parties, including any new parties to this action.

28      To secure the "just, speedy and inexpensive determination" of this action,
   Fed. R. Civ. P. 1, counsel and any party appearing *pro se* are ordered to

1

familiarize themselves with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Local Rules of the Central District of California, and Judge Rosenberg's Procedures and Schedules found on the website for the United States District Court for the Central District of California (www.cacd.uscourts.gov).

1. **Service of Summons and Complaint/Doe Defendants**

Plaintiff shall promptly serve the summons and complaint on all defendants within 90 days after the complaint is filed in compliance with Fed. R. Civ. P. 4 and shall file a proof of service within 14 days after service in accordance with Local Rule 4-6.  Unless otherwise ordered by the court, any defendant, including any "Doe" or fictitiously named defendant, not served within 90 days after filing the complaint are subject to dismissal pursuant to Fed. R. Civ. P. 4(m).

Plaintiff must promptly identify and serve any "Doe defendant" or fictitiously named defendant. ***Any "Doe" defendant or fictitiously named defendant remaining 60 days after the Scheduling Conference, or by any other date set by the court, are dismissed by operation of this order without further notice unless Plaintiff requests and justifies the need for additional time and the court grants such request.***

2. **Self-Represented Parties/*Pro Se* Litigants**

Only individuals may represent themselves in court ("*pro se* litigant").

The Court has Pro Se Clinics available to assist persons who represent themselves.  The Pro Se Clinics are administered by a non-profit law firm, not by the Court.  Pro Se Clinics are located in courthouses in Los Angeles, Riverside, and Santa Ana.  In Los Angeles, *pro se* litigants may submit an online application to request services on the website or may schedule an appointment by calling the Pro Se Clinic at (213) 385-2977.  More information, including information about the Riverside and Santa Ana Pro Se Clinics, is available on the website, http://prose.cacd.uscourts.gov.

2

**3.**    <u>Communication With the Court</u>

A party or counsel shall not write letters to the judge, send e-mails to the judge, make telephone calls to chambers, or otherwise communicate with the judge in a pending matter unless opposing counsel is present.  The preferred method of communicating with the courtroom deputy clerk ("CRD") is by email to AGR_Chambers@cacd.uscourts.gov.  ***Counsel must copy all opposing counsel or pro se litigants on any such emails to the CRD.***

**4.**    <u>Cases Removed From State Court</u>

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this court as a supplement to the Notice of Removal.  28 U.S.C. § 1447(a)-(b).  If a Defendant has not yet filed an answer or motion at the time the Notice of Removal was filed, that Defendant must file a response to the complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules.

If, before the Notice of Removal, a motion or demurrer in response to the complaint was pending in state court, it must be re-noticed in this court in accordance with Local Rules 6 and 7.  Counsel shall file with their first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action removed to this court contains a form pleading (for example, a form in which the party selects claims or defenses by checking boxes), the party that filed the form pleading must file a revised pleading in this court that complies with Local Rules 7, 7.1, 8, 9, 10, and 11 within 30 days after receipt of the Notice of Removal.

**4.**    <u>Discovery Disputes</u>

Unless a party is in custody, the moving party must request and participate in a conference with the court ***before*** filing a discovery motion or ex parte application.  Before requesting the conference, the parties to the discovery dispute must confer in a good faith effort to resolve or narrow the discovery dispute.  If the parties are unable to resolve the discovery dispute among

themselves, the parties must confer regarding proposed dates/times for the requested discovery conference with the court.  The parties must review the standing orders and any scheduling orders in the case to ensure that a request for a conference to resolve a discovery dispute is timely.

If the parties are unable to resolve the discovery dispute among themselves, the moving party shall request a discovery conference with the court by sending an email to the CRD at AGR_Chambers@cacd.uscourts.gov and copying counsel for all other parties.  The email shall contain proposed dates/times for the conference and may notify the CRD of any upcoming deadlines.  Please do not include argument in emails to the CRD.

The court will set the date and time of the conference.  At least one court day before the conference, the parties to the discovery dispute shall file a Joint Agenda by noon that lists each discovery dispute, without argument, to be addressed at the conference.  No further briefing is necessary in the Joint Agenda.   When electronically filing the Joint Agenda, select the "Discovery Motions – Order re Discovery Matter" event.

If the court is unable to resolve the discovery dispute at the conference, the court may set a briefing and hearing schedule consistent with the scheduling order in the case, in consultation with counsel at the conference.

If a party is in custody, the moving party may file a discovery motion without first requesting and participating in a conference with the court.

**5.    Civil Motions (Non-Discovery)**

Civil motions, other than discovery motions, are heard on Tuesdays at 10:00 a.m. unless the Court orders otherwise.  It is not necessary to clear a civil motion date with the court clerk prior to filing the motion.  If the hearing date selected is not available, the court will issue an order continuing the hearing date. The court expects that counsel will accommodate each other's schedules, including holidays and scheduled vacations, when possible.

No party may file more than one motion pursuant to Fed. R. Civ. P. 56, whether captioned as a motion for summary judgment, partial summary judgment, or as a motion for summary adjudication, without leave of court upon a showing of good cause.

The court requires an extended briefing schedule for a motion pursuant to Fed. R. Civ. P. 56. The default briefing and hearing schedule is as follows: The motion must be noticed at least 8 weeks for the noticed hearing date. Any opposition must be filed 4 weeks after service of the motion. Any reply must be filed 2 weeks after service of the opposition. The parties may stipulate to a modified briefing schedule; provided, however, that the schedule must provide the court at least two weeks between the filing of the reply and the hearing date. The court may continue the hearing date.

**6.    Chambers Copies**

Chambers copies of e-filed documents are not required unless the Court requests "mandatory chambers copies" in a particular case. If a mandatory chambers copy is required, a copy must be delivered to the drop box outside Room 1200 on the 12th Floor of the Roybal Courthouse, 255 E. Temple Street, Los Angeles, CA 90012, no later than noon of the court day following the e-filing of the document. Please do not "blue back" the chambers copy.

**7.    Injunctions and Other Emergency Applications**

Parties seeking emergency or provisional relief must comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court generally will not rule on any application for such relief for at least 24 hours after service upon the opposing party, to permit the opposing party to file an opposition or response.

**8.    Ex Parte Applications**

Ex parte applications are for extraordinary relief. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Applications must comply with Local Rule 7-19. Ex parte applications are

generally considered on the papers and are rarely set for hearing.  If a hearing is necessary, the parties will be notified.

**9.    Continuances or Requests for Extension of Time**

No stipulations or applications extending dates in the scheduling order are effective unless and until approved by the Court.  Such applications and stipulations must set forth:

a.    The existing due date or hearing date;

b.    Specific, concrete reasons supporting good cause for granting the extension.  A conclusory statement that an extension "will promote settlement" is insufficient; and

c.    Whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

For further information, refer to www.cacd.uscourts.gov > Judges' Procedures and Schedules > Hon. Alicia G. Rosenberg. The Court thanks counsel and the parties for their anticipated cooperation.

**IT IS SO ORDERED.**

DATED: December 30, 2025

_____

ALICIA G. ROSENBERG
United States Magistrate Judge